2026 IL App (1st) 240632-U

No. 1-24-0632

Order filed January 9, 2026

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 14974 |
| | ) | |
| KYLE MCCLINIC, | ) | Honorable |
| | ) | Thomas J. Hennelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Hyman and Gamrath concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirm defendant's conviction for possession of 15 grams or more but less than 100 grams of a substance containing heroin over his challenge to the sufficiency of the evidence.

¶ 2     Following a bench trial, defendant Kyle McClinic was found guilty of one count of possession of 15 grams or more but less than 100 grams of a substance containing heroin (720 ILCS 570/402(a)(1)(A) (West 2018)), and one count of possession of a controlled substance (720 ILCS 570/402(c) (West 2018)). The trial court merged the latter count into the former count and

imposed a four-year prison sentence thereon. On appeal, defendant contends that the State failed to establish his constructive possession of the contraband beyond a reasonable doubt. We affirm.

¶ 3    Defendant was charged by information with one count of possession of 15 grams or more but less than 100 grams of a substance containing heroin with intent to deliver and one count of possession of less than one gram of a substance containing fentanyl or an analog thereof with intent to deliver.

¶ 4    At trial, Chicago police officer Budz testified that, on September 26, 2018, he and his partner Officer Joseph Guarascio were on patrol in an unmarked vehicle. (The transcript does not contain Budz's first name.) Around 10 p.m., Budz observed a vehicle in the wrong lane of traffic and followed it into a parking lot. Defendant exited the vehicle and walked away "quickly," as officers asked him to stop. Defendant, who held a white bag in his hand, then ran in a "big circle." Budz described the bag as a knotted "plastic white grocery bag." Budz chased defendant and did not lose sight of him.

¶ 5    As defendant ran up an embankment, he slipped while throwing the bag. The bag did not "go very far," and Budz saw where it landed. Defendant was taken into custody. Budz observed Guarascio retrieve and open the knotted white bag. Inside the bag, Budz saw two brown "chunks" of a hard substance and another clear knotted bag containing approximately 38 Ziplock baggies of white powder. Budz later inventoried these items.

¶ 6    Budz testified that he reviewed footage from cameras worn by himself and Guarascio, which fairly and accurately depicted events. Budz's body camera footage was admitted and published but is not contained in the record on appeal.

¶ 7    Budz next testified, relevant here, that the footage depicted defendant holding a knotted bag, and later depicted Budz taking control of that same bag, which Guarascio had recovered and opened. Budz also identified screenshots from the footage depicting defendant holding "the same white grocery bag" in his right hand. These screenshots are not included in the record on appeal.

¶ 8    Guarascio testified that he saw defendant throw the knotted white bag into the air, noted the general area where the bag fell, and retrieved the bag. Guarascio acknowledged that the area contained other "open and empty" plastic bags. However, the bag defendant threw "clearly had weight." Guarascio recovered the knotted plastic bag and opened it, revealing another knotted plastic bag. The second bag contained several bags of a white powdery substance, suspect heroin, and "brown, raw heroin."

¶ 9    Guarascio testified that footage from his body-worn camera fairly and accurately depicted events. The footage was admitted and published but is not contained in the record on appeal.

¶ 10    Guarascio testified that the white plastic bag that he recovered was the only knotted plastic bag in the area and was the same bag that defendant threw in the air. Guarascio initially picked up a different plastic bag, but "knew right away" this was the wrong bag because it was empty.

¶ 11    Forensic testimony established that the weight of the contents of one of the Ziplock baggies was .236 grams, and the contents contained heroin and fentanyl. The loose items weighed 52.199 grams and tested positive for heroin.

¶ 12    Following argument, the court found defendant guilty of both counts. In so doing, the court noted that, based upon the testimony, the body camera footage, and the screenshots, there was "no doubt" that defendant possessed the white bag. The court concluded that the officers recovered "the very thing that this defendant was clutching" during the chase.

¶ 13    Defendant moved to reconsider, or in the alternative, for a new trial, alleging, relevant here, that the State failed to establish his intent to deliver and his possession of the contraband beyond a reasonable doubt.

¶ 14    The trial court granted defendant's motion, vacated its findings, and entered guilty findings as to the lesser-included offenses of possession of 15 grams or more but less than 100 grams of a substance containing heroin and possession of a controlled substance. At sentencing, the court merged the count for possession of a controlled substance into the count for possession of 15 grams or more but less than 100 grams of a substance containing heroin and imposed a four-year sentence on the latter offense.

¶ 15    On appeal, defendant contends that the State failed to establish his constructive possession of the contraband where he made no admission as to his knowledge of the bag's contents, there were no "prints or other external evidence" linking him to the bag, and Guarascio did not immediately pick up the bag.

¶ 16    When reviewing a challenge to the sufficiency of the evidence, the question is "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *People v. Jones*, 2023 IL 127810, ¶ 28. It is the responsibility of the trier of fact to weigh, resolve conflicts in, and draw reasonable inferences from, the testimony and other evidence at trial. *People v. Harris*, 2018 IL 121932, ¶ 26. This court does not retry a defendant (*People v. Eubanks*, 2019 IL 123525, ¶ 95), and a conviction will be reversed only if the evidence is so unreasonable, improbable, or unsatisfactory that a reasonable doubt of his guilt remains (*Harris*, 2018 IL 121932, ¶ 26).

¶ 17    Here, to sustain defendant's conviction, the State was required to establish that defendant knowingly possessed 15 grams or more but less than 100 grams of a substance containing heroin. See 720 ILCS 570/402(a)(1)(A) (West 2018). Defendant solely challenges the element of possession.

¶ 18    Whether a defendant possessed contraband is a factual issue, and we will not disturb the trier of fact's determination on this issue unless the evidence is so unbelievable that it creates a reasonable doubt as to the defendant's guilt. *People v. Miller*, 2018 IL App (1st) 152967, ¶ 9. Possession of contraband can be actual or constructive. *Jones*, 2023 IL 127810, ¶ 30. "Actual possession is proved by testimony that the defendant exercised some form of dominion over [the contraband], such as that he had it on his person, tried to conceal it, or was seen to discard it." *People v. Jones*, 2019 IL App (1st) 170478, ¶ 27. Actual possession does not, however, require "present personal touching of the illicit material." *People v. Givens*, 237 Ill. 2d 311, 335 (2010). Constructive possession, in contrast, requires proof that the defendant knew contraband was present and "exercised immediate and exclusive control over the area where the contraband was found." *Jones*, 2023 IL 127810, ¶ 30.

¶ 19    Although defendant argues that the evidence did not establish his constructive possession of the heroin found in the plastic bag, the evidence, taken in the light most favorable to the State, established his actual possession beyond a reasonable doubt. Budz testified that defendant exited his vehicle holding a knotted plastic grocery bag and fled. Budz did not lose sight of defendant, who held the bag during the chase. Defendant slipped while throwing the bag. Budz saw where the bag landed and observed Guarascio retrieve and open it. Guarascio testified consistently with Budz that defendant held a knotted white plastic bag during the chase and that defendant threw

that bag. Guarascio saw the general area where the bag fell and retrieved it. While Guarascio admitted that the area contained other "open and empty" plastic bags, the bag defendant threw was knotted and "had weight."

¶ 20    Accordingly, based upon the officers' testimony that defendant fled while holding a knotted bag, that defendant threw that bag, and that the recovered bag was found to contain suspect narcotics, the trial court could have reasonably found that defendant actually possessed the narcotics found in the bag. See *Miller*, 2018 IL App (1st) 152967, ¶ 9 (actual possession is established when "defendant exercised some form of dominion over the contraband, such as trying to conceal it or throw it away").

¶ 21    Defendant argues that because the area was "garbage-strewn," the bag recovered  may not have been the bag he threw. However, Guarascio testified that the white plastic bag that he recovered was the only knotted plastic bag in the area and was the same bag that he observed defendant throw in the air. Guarascio initially picked up a different plastic bag but asserted that he "knew right away" this was the wrong bag because it was empty. It is the trier of fact's responsibility to determine witness credibility. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 224-25 (2009). Here, the trial court found Guarascio credible, as evidenced by its guilty findings. As such, defendant essentially asks this court to substitute our judgment for that of the trial court as to Guarascio's credibility, which we cannot do. See *People v. Brown*, 2013 IL 114196, ¶ 48 ("a reviewing court will not substitute its judgment for that of the trier of fact on issues involving the weight of the evidence or the credibility of the witnesses").

¶ 22    Defendant further argues that he made no admissions regarding the bag's contents. Yet, testimony established that defendant exited his vehicle and fled from officers while holding a bag

that was later determined to contain narcotics. See *People v. Ross*, 2019 IL App (1st) 162341, ¶ 32 (noting that a defendant's flight from police demonstrates consciousness of guilt). To the extent that defendant argues that no prints or "external evidence" established his knowledge of the bag's contents, "[p]roof of physical evidence connecting a defendant to a crime has never been required to establish guilt." *People v. Williams*, 182 Ill. 2d 171, 192 (1998); see also *People v. Campbell*, 2019 IL App (1st) 161640, ¶ 33 ("if witnesses' testimony is otherwise credible, the State [is] not required to present additional physical evidence" linking the defendant to contraband (internal quotation marks omitted)). Moreover, the testimony established that defendant fled from officers while holding a bag that was later determined to contain narcotics. A trier of fact "need not disregard inferences that naturally flow from the evidence or accept all possible explanations consistent with [a] defendant's innocence and elevate them to the status of reasonable doubt." *People v. Moore*, 2023 IL App (1st) 211421, ¶ 90.

¶ 23    Accordingly, a rational trier of fact could have found defendant possessed the narcotics based upon the officers' testimony that the knotted bag with which defendant fled was recovered and found to contain suspect narcotics. See *Jones*, 2019 IL App (1st) 170478, ¶ 27 (actual possession established when defendant exercised some form of dominion over the contraband, such having it on his person, trying to conceal it, or being observed discarding it). Ultimately, we reverse a defendant's conviction only when the evidence is so unreasonable, improbable, or unsatisfactory that reasonable doubt of his guilt remains (*Jones*, 2023 IL 127810, ¶ 28); this is not one of those cases. We therefore affirm defendant's conviction for possession of 15 grams or more but less than 100 grams of a substance containing heroin.

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 25    Affirmed.